Submitted on respondent's petition for review of Order of Court of Appeals on attorney fees filed February 3, reconsideration allowed; claimant awarded attorney fees; order otherwise adhered to May 27, 1992

In the Matter of the Compensation of
Rex J. Coon, Claimant.

## DEPOE BAY FISH COMPANY
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Rex J. COON,
*Respondent.*

(WCB 88-22459; CA A66759)

832 P2d 856

Heather Reynolds, Astoria, for respondent.

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Claimant has petitioned for review of this court's order allowing attorney fees. A petition for review constitutes a petition for reconsideration by this court. ORAP 9.15. We allow reconsideration and modify the order.

Employer's insurer, Liberty Northwest Insurance Corporation (Liberty), denied claimant's injury claim. The denial was set aside by the referee, and claimant prevailed on appeal of that denial to the Board. This court affirmed the Board's order without opinion. 108 Or App 366, 815 P2d 722 (1991). Claimant was awarded insurer paid attorney fees by the referee and the Board, although in an amount considerably less than requested. This court allowed a portion of the attorney fees requested by claimant on judicial review but declined to change the fees awarded for services before the referee and the Board.

■ Claimant contends that this court should have increased the fees for services before the Board and the referee under ORS 656.388(1). He also asserts that this court was required under ORAP 13.10 to allow the fee petition filed in this court in its entirety, because Liberty failed to make a timely objection.

We still decline to change the fees awarded by the referee and the Board. Claimant did not seek judicial review of those awards, and this court lacks authority under ORS 656.388(1) or any other statute to change the amounts awarded.

■ The fees allowed for services in this court present a distinctly different issue. Claimant's attorney submitted a petition for attorney fees of $7,910 on August 30, 1991. Liberty filed objections on September 19, 1991. Under ORAP 13.10(4), "[o]bjections to a petition shall be served and filed within 14 days after the date when the petition is filed. A reply, if any, shall be served and filed within 14 days after the date of service of the objections." ORAP 13.10(6) provides:

"In the absence of timely filed objections to a petition under this rule, the Supreme Court and the Court of Appeals, respectively, *will* allow attorney fees in the amount sought in the petition, except in cases in which:

"(a)   the entity from whom fees are sought was not a party to the proceedings; or

"(b)   when the Supreme Court or the Court of Appeals is without authority to award fees." (Emphasis supplied.)

Although Liberty's objections were not timely filed, this court allowed only a portion of the fees requested for services rendered on judicial review. Reconsideration is allowed, and the order allowing attorney fees is amended to allow claimant's attorney fees of $7,910 for services rendered in this court. Reconsideration is denied with respect to the remainder of the petition. ORAP 13.10(6)(b).

Reconsideration allowed; claimant is awarded $7,910 as attorney fees on judicial review; order otherwise adhered to.